NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS DEVITO, | : |
| Plaintiff, | : Civil Action No. 16-2879 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Thomas DeVito ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and the case remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning August 1, 2012. A hearing was held before ALJ Hilton R. Miller (the "ALJ") on October 15, 2014, and the ALJ issued a decision on November 26, 2014, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plantiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings, and that, at step four, he did not retain the residual functional capacity to perform his past relevant work. The ALJ found that Plaintiff retained the residual functional capacity to perform less than the full range of sedentary work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff appeals on several grounds, but this Court need reach only the argument for reversal that succeeds, that the Commissioner failed to properly evaluate the medical evidence from Plaintiff's treating physicians.

At step four, the ALJ first carefully reviewed the medical evidence of record. He first reported on the findings of Dr. Weiner, who had treated Plaintiff on multiple occasions in 2013 and 2014. The ALJ reported that Dr. Weiner had submitted a report in July of 2014 in which he opined that Plaintiff could "sit for less than four hours in an eight-hour workday." (Tr. 34.) The record also shows a narrative report by Dr. Weiner, dated July 1, 2014, which states that "the patient is totally disabled and is unable to return to work." (Tr. 335.)

Next, the ALJ reported on the findings of Dr. Wilen, who had treated Plaintiff "numerous" times. (Tr. 34.) The ALJ reported that Dr. Wilen's notes consistently evidence spinal pain, disc herniation, and "internal derangement to the bilateral shoulders and lumbar spine." (Tr. 35.) Dr. Wilen's records do not contain any assessment of Plaintiff's ability to work or to sit.

Next, the ALJ reported on the two electrodiagnostic reports from Dr. Naik, who found

2

electrodiagnostic evidence of spinal radiculopathy. (Tr. 35.)

Next, the ALJ discussed the report of agency consultative physician Dr. Wosnitzer. Dr. Wosnitzer concluded that Plaintiff was mildly to moderately limited in extended sitting due to lower back pain. (Tr. 36, 247.)

Last, the ALJ reviewed the records from treating physician Dr. Drucker and noted that Dr. Drucker assessed Plaintiff's ability to work and opined that Plaintiff could sit for less than four hours in an eight-hour workday. (Tr. 38, 353.)

Having reviewed the medical evidence, the ALJ presented his residual functional capacity assessment. First, he wrote: "As for the opinion evidence, some weight is given to Dr. Drucker and Dr. Weiner with greater weight being attached to the fact that they find the claimant is limited to sedentary exertional work." (Tr. 38.) The ALJ discussed this, and then repeated that he "gives weight to Dr. Drucker and Dr. Weiner to the extent that it supports the overall narrative that despite the claimant's physical impairments, he was limited to sedentary work." (Tr. 38.) The ALJ then stated his determination that the claimant has the residual functional capacity to perform less than the full range of sedentary work. (Tr. 39.)

Because, at step four, the ALJ found that Plaintiff is unable to perform his past relevant work, the evaluation proceeded to step five, and the ALJ heard the testimony of a vocational expert. The transcript from the hearing shows that the ALJ presented several hypotheticals to the vocational expert. In the first hypothetical, the ALJ said that the hypothetical person could sit for a total of six hours in an eight-hour workday. (Tr. 64.) The other hypotheticals did not change this hypothetical characteristic.

The ALJ used an ambiguous phrase in making the residual capacity determination: "the

3

residual functional capacity to perform less than the full range of sedentary work." (Tr. 39.) The hypothetical used at step five reveals that what the ALJ meant, in material part, is that Plaintiff has the capacity to sit for about six hours per eight-hour workday. That determination is not supported by substantial evidence. In fact, it is supported by absolutely no medical evidence. No medical expert opined that Plaintiff can sit for at least six hours in an eight-hour workday. Drs. Weiner and Drucker said that Plaintiff can sit for less than four hours in an eight-hour workday. Drs. Wilen and Naik made no statements about Plaintiff's ability to sit. Dr. Wosnitzer, the consultative medical expert retained by the Commissioner, stated that Plaintiff was mildly to moderately limited in extended sitting. The determination that Plaintiff can sit for about six hours in an eight-hour workday is not supported by substantial evidence; rather, it is supported by no evidence.

Moreover, the ALJ's explanation for why he weighted the opinions of Drs. Weiner and Drucker as he did is not supported by any evidence. After having correctly reported the opinions of Drs. Weiner and Drucker, the ALJ then stated that they found the claimant limited to sedentary exertional work. This is false: they both said that Plaintiff could sit for less than four hours in an eight-hour workday. The assertion that these physicians opined that Plaintiff has the residual functional capacity for sedentary work is supported by no evidence.

This Court concludes that the Commissioner's decision is not supported by substantial evidence, and that decision is vacated. This case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

       s/ Stanley R. Chesler  
    STANLEY R. CHESLER, U.S.D.J.

Dated: November 20, 2018

4